[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16833

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 11, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20322-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO SANCHEZ-SANTANA,
YUNIOR PEREZ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(December 11, 2009)

Before WILSON and ANDERSON, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

_____
*Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

After oral argument and careful consideration, we conclude that the judgment of the district court should be affirmed. Defendant Sanchez-Santana's argument that he was arrested without probable cause is frivolous.

Defendant Sanchez-Santana argues for the first time on appeal that his post-arrest statement was inadmissible pursuant to 18 U.S.C. §3501(c), because his confession did not occur until almost fourteen hours after his arrest. Because defendant Sanchez-Santana did not present this argument in the court below, our review is pursuant to the plain error analysis. Accordingly, defendant Sanchez-Santana has the burden of demonstrating to us that any error in this regard adversely affected his substantial rights. Defendant Sanchez-Santana has failed in this regard. To the contrary, and although defendant Sanchez-Santana's failure to present this issue in the court below precluded full development of the record in this regard, the indications that are in the record all suggest that the delay in this case was reasonable.

Defendant Perez argues (and defendant Sanchez-Santana may adopt the argument) that there was not sufficient evidence to support Count II (the Hobbs Act substantive count) or Count IV (the substantive possession count). The argument is that the robbery of the marijuana was not complete, in light of the fact that the marijuana was not removed from the grow house because of the intervention of the

police.   With respect to the possession count, the argument is that the defendants never acquired dominion and control over the marijuana for the same reason.  We reject the argument.  A reasonable jury could find that the robbery was complete, and that the defendants had acquired possession thereof. The defendants had restrained the occupants of the grow house (requiring them to lie down on the floor and cuffing them), and had begun packing the marijuana into big plastic bags, before their activities were interrupted by the police.  Defendants' other arguments challenging the sufficiency of the evidence are without merit.

Defendant Perez next argues that the district court erred by admitting into evidence the redacted post-arrest statement of Sanchez-Santana without giving a contemporaneous limiting instruction–i.e., an instruction at the time the statement was introduced into evidence that it was to be used solely against Sanchez-Santana, and not against Perez.  In this regard, it is significant that Perez does not challenge the admissibility of the redacted statement itself; rather, he challenges only the failure of the district court to give a contemporaneous limiting instruction.  It is also significant that the district court did in fact give a proper limiting instruction the next day as part of its final instructions to the jury.  Finally, it is significant that there was no objection in the district court to the court's failure to give a contemporaneous limiting instruction.  Accordingly, our review is pursuant to the

plain error analysis. We conclude that Perez has not established plain error. He has failed to demonstrate that his substantial rights were adversely affected.

Perez' challenge to the <u>Pinkerton</u> instruction is wholly without merit.

Perez argues that the district court committed reversible error when it allowed his lawyer to leave the courtroom for five to six minutes during the taking of evidence. There was no objection at trial. For that reason, the record is not fully developed in this regard, and we do not have the benefit of any ruling or opinion of the district court. For example, it is not clear from the instant record whether counsel for Perez discussed the matter with Perez or obtained his consent. For these reasons, we decline to address the issue on direct appeal; of course, Perez may pursue the matter in a motion pursuant to 28 U.S.C. §2255. <u>See Vines v. United States</u>, 28 F.3d 1123, 1126 (11th Cir. 1994).

Perez argues (and Sanchez-Santana adopts the argument) that the prosecutor's closing argument improperly shifted the burden of proof. We conclude that the argument has no merit. Upon objection, the district court gave a contemporaneous instruction to the jury that the defense had no burden in this case to prove anything or to disprove anything at all.

Perez argues (and Sanchez-Santana adopts the argument) that the district court committed reversible error in enhancing his sentence for the amount of the

loss.   We reject the argument.  Although the government concedes that the district court erroneously cited §2X1.1 of the Guidelines, the district court ultimately applied the correct Guideline §2B3.1, and did not err with respect to the amount of the loss.   To the extent that defendants argue that there was no loss because there was no completed robbery, the argument lacks merit for the reasons indicated above.   Defendants' other arguments are without merit.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.